**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTWAN McCARREL, ) | |
| ) | Civil Action No. 2:24-cv-01358-MJH-KT |
| Plaintiffs, ) | |
| ) | Judge Marilyn J. Horan |
| v. ) | |
| ) | Magistrate Judge Kezia O. L. Taylor |
| SERGEANT HUNTER SARVER, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |
| ) | ECF No. 36 |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

Pending before the Court is Defendants' Motion to Dismiss. ECF No. 36. For the reasons that follow, it is respectfully recommended that Defendants' motion be granted in part and denied in part.

**II.   REPORT**

**A.   PROCEDURAL BACKGROUND**

Antwan McCarrel ("Plaintiff") initiated the instant *pro se* prisoners' rights action on September 26, 2024, by filing a Complaint without a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. A deficiency order was issued on September 30, 2024, *see* ECF No. 2, resulting in Plaintiff filing a Motion for Leave to Proceed *in forma pauperis* on October 29, 2024, *see* ECF No. 3. The motion was granted by order entered on October 30, 2024, *see* ECF No. 5, and the Complaint was docketed that same day, *see* ECF No. 6.

Defendants waived service, *see* ECF Nos. 14-17, 20, and filed a Motion to Dismiss and Brief in Support. ECF Nos. 24-25. By Text Order issued on March 11, 2025, Plaintiff was directed as follows: "No later than April 11, 2025, Plaintiff shall file either (1) an amended

complaint, or (2) a response to the Motion to Dismiss." ECF No. 27. At 1.  On April 8, 2025, Plaintiff filed a document that was docketed as a Motion to Amend Complaint.  ECF No. 32.  However, by Text Order issued on April 9, 2025, the motion was granted, and the Clerk of Court was directed to "file this motion as Plaintiffs Amended Complaint, FORTHWITH."  ECF No. 33.  The Amended Complaint was docketed that same day.  ECF No. 34.  Thereafter, on April 24, 2025, Defendants filed a Motion to Dismiss and Brief in Support.[1]  ECF Nos. 36-37.  Plaintiff eventually responded to the motion.  ECF Nos. 47, 48, 54.  Defendants' motion is now ripe for consideration.

## B.    FACTUAL BACKGROUND

In April of 2024, Plaintiff was confined to the Allegheny County Jail as a pretrial detainee.  ECF No. 34 ¶ 1.2.  On April 16, 2024, Plaintiff "was subject to an unlawful visual search of his body incidental to his placement in restrictive housing." *Id.* ¶ 1.4.  Later, on July 22, 2024, while on Pod 3B, Plaintiff "was subjected to physical force at med pass in line." *Id.* ¶ 1.5.  Such force was initiated by the defendant officers and ensued after a verbal dispute between Plaintiff and the officers.  *Id.* ¶ 1.6.  The force used by the defendant officers included the deployment of tasers on two separate occasions, as well as having officers' "hands on" and, in the second incident, being taken "to the floor with a leg sweep." *Id.* ¶ 1.5.  More particularly, Defendant Sarver deployed his taser against Plaintiff in the first incident.  *Id.*  In the second incident, after additional officers were called for assistance, Defendant Gamboa "took [Plaintiff] to the floor with a leg sweep and Turner deployed his taser on Plaintiff when he was on the floor." *Id.*

---

[1] The prior motion was dismissed as moot.  ECF No. 35.

2

Plaintiff submits that the actions of the Defendants violated "the rules and procedures and policies of the Allegheny County Jail," *id.* ¶ 1.7, as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12101 *et seq.*), *id.* ¶¶ 1.5, 5.1.  Plaintiff seeks injunctive relief, along with compensatory and punitive damages.  *Id.* ¶¶ 6.2, 6.3, 6.4.

## C. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570).  Although the court must accept as true the allegations in the complaint, the court is not "'compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (*en banc*)).  In other words, a "presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

In addition, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  *Haines v. Kerner*, 404 U.S. 519,

3

520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "'apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Despite this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Finally, the Court recognizes that in a civil rights action, when dismissing a case for failure to state a claim, a court must allow the plaintiff to amend a deficient complaint, whether or not the plaintiff requests to do so, unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### D.    DISCUSSION

Plaintiff alleges two discrete claims of excessive force against Defendants. The first occurred on April 16, 2024, and involved Defendant Sarver. ECF No. 34 ¶¶ 1.4, 1.5. The second occurred on July 22, 2024, and involved Defendants Gamboa and Turner. *Id.* ¶ 1.5. These claims are raised under the Fourth and Fourteenth Amendments. *Id.* ¶¶ 1.4, 1.5. Plaintiff

4

also seeks to assert claims under the Fifth Amendment, *id.*, and the Americans with Disabilities Act, *id.* ¶ 5.1, arising from these same circumstances.

### 1. Fourteenth Amendment—Excessive Force Claims

Plaintiff's excessive force claims are properly analyzed under the Fourteenth Amendment. ECF No. 37 at 4. Pursuant to the Due Process Clause of the Fourteenth Amendment, a pretrial detainee is protected from "'the use of excessive force that amounts to punishment.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). In *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979), the United States Supreme Court explained that the central question in an Eighth Amendment setting is whether the punishment, that is, whether the force used, was cruel and unusual; while in a Fourteenth Amendment setting, the query is whether the individual was punished. *Bell*, 441 U.S. at 535 n. 16. Thus, here, Plaintiff must show that the force used against him was objectively unreasonable "in light of the 'facts and circumstances'" presented. *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466-67 (2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

With respect to the proper inquiry under the Fourteenth Amendment, the Supreme Court has identified a non-exhaustive list of factors that should be used to evaluate whether force used by governmental officials was excessive: "[1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting." *Id.* (quoting *Kingsley*, 576 U.S. at 397).

Courts must "analyze these circumstances 'from the perspective of a reasonable officer on the scene.'" *Jacobs*, 8 F.4th at 194 (citing *Kingsley*, 576 U.S. at 397). In doing so, courts are mindful that "[s]afety and order at these institutions requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face. . . . Officers facing disturbances are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Id.* (citing *Kingsley*, 576 U.S. at 399) (cleaned up).

Initially, Defendants suggest that – after he had reviewed the arguments in their initial motion to dismiss – "Plaintiff has now pared down the averments in the Amended Complaint" to survive dismissal. ECF No. 37 at 5-6. However, the Third Circuit has held that at the motion to dismiss stage, a "plaintiff cannot be bound by allegations in [a] superseded complaint," even when the amendment "flatly contradicts the initial allegation."[2] *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172-73 (3d Cir. 2013). *Cf. Winton v. Smith*, No. 20-CV-103, 2020 WL 6367028, at *1 (W.D. Pa. Sept. 22, 2020), *report and recommendation adopted*, 2020 WL 6364645 (W.D. Pa. Oct. 29, 2020) ("Circuit precedent holds that at this stage a plaintiff who has been allowed to amend his complaint can make allegations that are flatly

---

[2] Defendants fail to cite to any binding authority that would require the Court to consider the allegations of a superseded pleading when passing on the sufficiency of the allegations in an amended complaint. *Cf. Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("[I]n general, an amended pleading—like the amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity"). Nevertheless, in *W. Run Student Hous. Assocs.*, the Third Circuit observed that "a party's assertion of contrary factual positions in the pleadings is [not] without consequence." 712 F.3d at 172. Particularly, "[a] superseded pleading may be offered as evidence rebutting a subsequent contrary assertion" at a later stage of the proceedings. *Id.* at 172-73.

contradictory to previous allegations, even when it is obvious that the changes were for the purpose of avoiding dismissal") (citing *W. Run Student Hous. Assocs.*, 712 F.3d at 171-73).

Nevertheless, Defendants contend that dismissal is still required "solely on the averments of the Amended Complaint," ECF No. 37 at 6, and reference to use of force reports Plaintiff appended to his original complaint, *id.* at 6-7. Notwithstanding the scant allegations in the Amended Complaint, Defendants agree that Plaintiff purports to plead a claim of excessive force against Defendant Sarver that occurred on April 16, 2024, and a claim of excessive force against Defendants Gamboa and Turner that occurred on July 22, 2024. *See* ECF No. 37 at 6 n. 2.

### a. April 16, 2024 Incident

Addressing the first incident, Defendants contend that "[a]s to his interaction with Sgt. Sarver, assuming *arguendo* that the Plaintiff had pled sufficient facts in [the Amended Complaint], this assertion contradicts his allegations in the prior iteration of the complaint and the use of force report." ECF No. 37 at 7-8. However, as set forth above, the Court must accept the allegations of the present pleading without consideration of or comparison to the superseded document. *W. Run Student Hous. Assocs.*, 712 F.3d at 171-73.

Nor does reference to the use of force documents attached to the prior pleading succeed in undermining Plaintiff's allegations concerning the April 16, 2024 incident. The documents relating to this incident in the attached exhibit are the Misconduct Report and the Hearing Committee Action Report, ECF No. 6-1 at 1-2, neither of which are authored by Plaintiff. Indeed, the only portion of these documents that can be attributed to Plaintiff is a handwritten statement that controverts one of the details in the Misconduct Report. *Id.* at 1 (wherein Plaintiff apparently wrote "I did not say that").

What remains, then, is an allegation that – after what Plaintiff believed to be "an unlawful visual search of his body" – he was tased by Defendant Sarver. ECF No. 34 ¶¶ 1.4-1.5. Plaintiff further alleges that this incident was "started by the defendants after a verbal dispute. The plaintiff never approached any of the defendants in a assaulting or aggressive manner. . . . Plaintiff hands are at his sides and in a defensive position." *Id.* ¶ 1.6. Finally, Plaintiff avers that the defendants' actions were "in violation of the rules and procedures and policies of the Allegheny County Jail." *Id.* ¶ 1.7.[3]

While a close question, the Court finds that Plaintiff's allegations are sufficient to state a claim for excessive force under the Fourteenth Amendment, and therefore recommends that Defendants' motion be denied as to this claim. Although the Fourteenth Amendment authorizes force where there is a valid penological basis to maintain or restore discipline, *Kingsley*, 576 U.S. at 397 (citing *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979), there are limits to the amount of force that may be used. Here, Plaintiff has alleged that he was tased by Defendant Sarver while he was not being aggressive and had his hands at his side. Under these circumstances, Plaintiff has adequately alleged a claim of excessive force under the Fourteenth Amendment. *See Council v. Sutton*, 366 F. App'x 31, 36-37 (11th Cir. 2010) (*per curiam*) (finding use of taser

---

[3] In support of his allegations, Plaintiff also sets out the relevant provisions of the Jail's Mission Statement and Inmate Handbook in his Amended Complaint. *See* ECF No. 34 at 1-2. Yet, to the extent that Plaintiff attempts to assert a claim based solely on the alleged violation of these provisions, no claim is stated. Indeed, "[t]he simple adoption and application of state law procedures, policies and regulations does not ordain those procedures, policies and regulations with federal constitutional protection." *Noble v. Wetzel*, No. 18-CV-1160, 2019 WL 4279975, at *9 (W.D. Pa. Aug. 1, 2019), *report and recommendation adopted*, 2019 WL 4279016 (W.D. Pa. Sept. 10, 2019) (citing *Lee v. Schrader*, No. 13-cv-1757, 2014 WL 2112833, at *4 (W.D. Pa. May 20, 2014) (citing *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981); *Lentz v. Lockett*, 2012 WL 6726455, at *12 (W.D. Pa. December 27, 2012)).

on detainee excessive where circumstances of incident indicated that force was unnecessary and jail officials acted "maliciously and sadistically for the very purpose of causing [detainee] harm"); *Harper v. Tirello*, No. 16-CV-121, 2017 WL 6459803, at *6 (N.D. Okla. Dec. 18, 2017) (finding that inmate stated claim of excessive force under the Fourteenth Amendment where he alleged that he was tased while sitting on his bunk after committing a disturbance in the dining hall and returning to his cell, and advised that he could not comply with direction to get on the ground due to physical disabilities).

This conclusion is buttressed by the additional detail provided in Plaintiff's several responses to the Defendants' Motion to Dismiss.[4]  *See* ECF Nos. 47, 48 & 54.  Specifically, in what is marked as Exhibit A to ECF No. 47, Plaintiff states that during the encounter with Defendant Sarver on April 16, 2024, he was compliant with direction given, but advised Defendant Sarver that "he was using an excessive amount of force" while applying handcuffs. ECF No. 47-1 at 1.  After Plaintiff further stated that he "was not resisting," Defendant Sarver "shove[d him] into the wall and put his taser to [Plaintiff's] back …" *Id.*  After some verbal back and forth between the two, Defendant Sarver "then strikes [Plaintiff] in the back of [his] head with what felt like a closed fist." *Id.*  At that point, Plaintiff turned toward Defendant Sarver,

---

[4] Plaintiff cannot amend his Amended Complaint through his response to Defendants' motion to dismiss.  Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  *See Frederico v. Home Depot,* 507 F.3d 188, 201-02 (3d Cir. 2007) (explaining that the court does not consider after-the-fact allegations to determine the sufficiency of a complaint under Rule 12(b)(6) because a complaint may not be amended by the briefs in opposition to a motion to dismiss).  Nevertheless, the Amended Complaint sufficiently states a claim of excessive force against Defendant Sarver and, on that basis, it is recommended that Defendants' motion be denied as to the claim against Defendant Sarver.

who ordered him to the ground; fearful that he would be further assaulted if he went down to the ground, Plaintiff hesitated and was then repeatedly tased by Defendant Sarver. *Id.* Finally, Plaintiff alleged that while he was being escorted to the R.H.U. by way of the sallyport by Defendant Sarver and another correctional officer, he was "body slam[med]." *Id.* Plaintiff reiterated the salient points of this claim in his other responses. *See* ECF Nos. 48 at 1 ("Sgt Sarvers actions violated the plaintiff's 8th and 14th Amendment rights due to the excessive force i.e striking the victim in the back of the head with a stun gun…") & 54, at 2 ("Sarver used excessive force by punching plaintiff in the back of the head"). Thus, it is respectfully recommended that the claim against Defendant Sarver survive Defendants' motion.

### b. July 22, 2024 Incident

With respect to the second incident, Plaintiff alleges that he "was subjected to physical force at Med Pass Line. . . . after a correctional officer called for assistance . . . defendants Turner and Gamboa responded and Gamboa took [Plaintiff] to the floor with a leg sweep and Turner deployed his taser on Plaintiff when he was on the floor." ECF No. 34 ¶ 1.5. Plaintiff also includes this incident in his allegation that this sequence of events was "started by the defendants after a verbal dispute. The plaintiff never approached any of the defendants in a assaulting or aggressive manner. . . . Plaintiff hands are at his sides and in a defensive position. *Id.* ¶ 1.6. Plaintiff also again avers that the defendants' actions were "in violation of the rules and procedures and policies of the Allegheny County Jail." *Id.* ¶ 1.7.

Relying on the use of force report for this incident, Defendants assert that the force used was objectively reasonable because "Plaintiff refused to return to his cell, then refused to cuff up and struggled with these officers." ECF No. 37 at 7. However, viewing the allegations in the

10

light most favorable to Plaintiff, as we must at this stage of the proceedings, the allegations are sufficient to state a claim for excessive force against Defendants Gamboa and Turner. Even accepting the position that the use of some force was reasonable under the circumstances, the question of whether the amount of force actually used by Defendants Gamboa and Turner was reasonable cannot be authoritatively resolved at this point. Consequently, given that Plaintiff's allegations regarding his excessive force claims must be accepted as true for purposes of resolving this motion, this claim should also be permitted to move to discovery. Therefore, it is recommended that Defendants' motion to dismiss the claims for excessive force be denied.

### 2. Fourth Amendment

Defendants also seek dismissal of Plaintiff's Fourth Amendment claim predicated on a "visual search of his body incidental to his placement in restrictive housing" that allegedly occurred on April 16, 2024. ECF No. 34 ¶ 1.4. Defendants' primary argument here is that Plaintiff has not alleged that any of the named defendants conducted or participated in the purportedly unlawful search. ECF 37 at 8-9 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The Court's review of the Amended Complaint bears out this objection. The Amended Complaint simply fails to allege that Defendants Sarver, Gamboa or Turner were involved in the challenged search. Indeed, Plaintiff fails to identify any jail official or employee as being involved in this search. ECF No. 34 ¶ 1.4. Thus, it is respectfully recommended that Plaintiff's Fourth Amendment claim be dismissed.

Moreover, such dismissal should be with prejudice because amendment would be futile where, as espoused by Defendants, the search as described by Plaintiff in the Amended Complaint was not inconsistent with the proscriptions of the Fourth Amendment within the

11

prison context. *See Vo v. Gilmore*, No. 18-CV-1364, 2020 WL 10052602, *7 (W.D. Pa. Nov. 2, 2020), *report and recommendation adopted sub nom. Van Vo v. Gilmore*, 2021 WL 1807872 (W.D. Pa. May 6, 2021) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979) and *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318 (2012)).

### 3. Americans with Disabilities Act

Plaintiff asserts that he "suffer (*sic*) from mental health illness placing the defendant in violation of the Americans with Disabilities Act for 'lack of care' 'Inadequate care' 'lack of training dealing with mental health prisoners.'" ECF No. ¶ 5.1. However, as Defendants contend, Plaintiff fails to include any factual allegations in support of his "threadbare recital" of this claim. ECF No. 37 at 11. Thus, Plaintiff has not stated a claim under the ADA. *See*, *e.g.*, *Edson v. Wells Fargo Bank, N.A.*, No. 24-CV-635, 2025 WL 1643755, at *3 (N.D. Fla. May 19, 2025), *report and recommendation adopted*, 2025 WL 1638172 (N.D. Fla. June 9, 2025) ("Plaintiff's mere passing reference to the ADA is woefully insufficient to state a claim"); *Freeman v. Tennessee Dep't of Correction*, No. 22-CV-963, 2023 WL 4378098, at *2 (M.D. Tenn. July 6, 2023) ("the mere citation of [the Americans with Disabilities Act] is not sufficient to support a plausible claim to relief based on the *de minimis* deprivation described in the complaint").

Defendants' contention that dismissal is further warranted because the ADA does not allow for individual liability is well taken. *See* ECF No. 37 at 10 (citing *Dukes v. Wood*, CV 21-857, 2022 WL 446380, at *11 (W.D. Pa. Feb. 14, 2022), *aff'd*, 22-1669, 2023 WL 314300 (3d Cir. Jan. 19, 2023) (holding that Plaintiff cannot obtain such relief against an individual corrections grievance officer)). *See also Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942

12

(3d Cir. 2019) (*per curiam*); *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (*per curiam*). For these reasons, it is recommended that Plaintiff's ADA claim be dismissed, and that such dismissal be with prejudice as amendment would be futile.

### 4. Fifth Amendment

Defendants also challenge Plaintiff's attempt to raise a Fifth Amendment claim, arguing, first, that the Complaint is insufficiently pleaded with respect to this claim and, second, that the Fifth Amendment does not apply to these defendants. Defendants are correct on both points. Plaintiff fails to articulate any facts in support of a Fifth Amendment claim and "merely lists the Fifth Amendment in a string of references" without providing any substance to this purported claim. ECF No. 37 at 11. More importantly, "the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials."[5] *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*citing Riley v. Camp*, 130 at 2 F.3d 958, 972 n. 19 (11th Cir. 1997)). *See also Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013). Because the Defendants here are not federal actors, the Fifth Amendment is inapplicable to them. *See Banks v. Mozingo*, 423 F. App'x 123, 128 (3d Cir. 2011) ("[S]ince none of the defendants are agents of the federal government, the Fifth Amendment is inapplicable") (citing *Chavez v. Martinez*, 538 U.S. 760, 788 (2003)). Accordingly, it is recommended that any claim asserted under the Fifth Amendment be dismissed with prejudice and without leave to amend as amendment would be futile.

---

[5] It does not appear that Plaintiff seeks to raise a claim with respect to any of the Fifth Amendment protections applicable to criminal proceedings such as the right to appointed counsel or the privilege against self-incrimination; accordingly, the Court construes the present claim as attempting to invoke the Fifth Amendment's due process clause.

**5. Declaratory and Injunctive Relief**

In addition to monetary relief, Plaintiff also seeks declaratory and injunctive relief based on the same conduct underlying his claims for monetary compensation. *See* ECF No. 34 ¶¶ 6.1, 6.2. The Eleventh Amendment does not preclude Plaintiff from requesting prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). However, "for the *Ex parte Young* exception to apply, there must be both an ongoing violation of federal law and a request for relief that can be properly characterized as prospective." *Merritts v. Richards*, 62 F.4th 764, 771-72 (3d Cir. 2023) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Defendants have separately sought dismissal of Plaintiff's claims for declaratory and injunctive relief. ECF No. 37 at 12-13. The Court agrees that dismissal is warranted here because Plaintiff's Amended Complaint solely concerns past violations of federal law. Critically, Plaintiff's claims do not satisfy either of the *Ex parte Young* exception's requirements where he makes no allegation of an ongoing violation of federal law, nor seeks relief properly characterized as prospective. Thus, in the absence of any such violation of any constitutional right, there is no entitlement to "'any relief, injunctive or otherwise.'" *Walker v. Beard*, 244 F. App'x 439, 441 (3d Cir. 2007) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097-98 (11th Cir. 2004)). Therefore, it is recommended that these claims be dismissed with prejudice as amendment would be futile.

**6. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223,

231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity operates to ensure that, before they are subjected to suit, government officials are put on notice that their conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Qualified immunity is an objective decision to be decided by the court as a matter of law. *Carswell v. Borough of Homestead*, 381 F.3d 235, 242 (3d Cir. 2004). The burden of pleading a qualified immunity defense rests with the defendant, not the plaintiff. *Thomas v. Independence Township*, 463 F.3d 285, 293 (3d Cir. 2006).

In determining whether qualified immunity applies, courts conduct a two-pronged inquiry. *Pearson*, 555 U.S. at 232; *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637 (3d Cir. 2015). First, the court must determine "whether the facts that the plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right." *Pearson,* 555 U.S. at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). And, secondly, the court must determine "'whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.'" *Spady,* 800 F.3d at 637 (quoting *Pearson*, 555 U.S. at 232). A right is clearly established in a particular context if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "This is an objective inquiry, to be decided by the court as a matter of law." *Doe v. Groody*, 361 F.3d 232, 238 (3d Cir. 2004). In conducting this analysis, courts have the discretion to decide which of the two prongs should be addressed first based on the circumstances of a particular case. *Pearson*, 555 U.S. at 236.

A court may find that a government official is entitled to qualified immunity at the motion to dismiss stage if: "(1) the facts alleged show the official's conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific

15

context of the case." *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223-24 (3d Cir. 2010)). Thus, "qualified immunity should only be granted on a motion to dismiss when it is 'established on the face of the complaint.'" *Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)).

Here, qualified immunity is not established on the face of the complaint and is therefore unavailable to Defendants. Defendants' resort to the previous complaint and the attached documents is also unavailing for the reasons set forth above. Finally, because Defendants' qualified immunity argument largely rests on the first prong to the qualified immunity analysis – specifically, that Plaintiff has failed to establish his claims of excessive force, *see* ECF No. 37 at 15-17 – it is recommended that Defendants' request for qualified immunity be denied, albeit without prejudice to reassert this defense at a later point in these proceedings.

Indeed, for the reasons discussed above, Plaintiff has plausibly alleged Fourteenth Amendment claims for excessive force, and thus Defendants' argument, which is essentially a second attempt at their failure to state a claim argument instead of a qualified immunity argument, fails. *See Thomas*, 463 F.3d at 294 (noting that defendants' arguments that "at a minimum the complaint does not plead allegations supporting a constitutional violation" is a "related argument" to qualified immunity). Accordingly, because Defendants have not meaningfully addressed the second prong, Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment excessive force claims on the grounds of qualified immunity should be denied.

### III.   CONCLUSION

For the above reasons, it is recommended that Defendants' Motion to Dismiss be granted in part and denied in part. It is recommended that the motion be denied as to Plaintiff's Fourteenth Amendment excessive force claims against all Defendants. It is further recommended that the motion be granted as to Plaintiff's Fourth and Fifth Amendment claims, as well as to his Americans with Disabilities Act claim. It is also recommended that Defendants' motion be granted as to Plaintiff's claims for declaratory and injunctive relief. All claims dismissed should be dismissed with prejudice because amendment would be futile. Finally, it is recommended that Defendants' request for qualified immunity be denied but may be reasserted at a later stage of these proceedings.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 3, 2025    **BY THE COURT**

  s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

cc:   ANTWAN MCCARREL
      179460
      ALLEGHENY COUNTY JAIL
      950 Second Avenue
      Pittsburgh, PA 15219